# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:26-cv-00380-MR

| | | |
|---|---|---|
| CEDRIC A. LIVINGSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| LESLIE COOLEY DISMUKES, | ) | |
| Secretary, North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on review of the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Cedric A. Livingston (herein "Petitioner") on May 11, 2026.  [Doc. 1].  Also before the Court is the Petitioner's Motion to Proceed In Forma Pauperis.  [Doc. 2].

## I.    BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. [Doc. 1 at 1]. According to the North Carolina Department of Adult Correction Database,[1] the Petitioner was convicted in Mecklenburg County Superior Court on April 5, 2022, on one count of assault with a deadly weapon with

---

[1]    See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID= 0746823&searchOffenderId=0746823&searchDOBRange=0&listurl=pagelistoffendersea rchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

intent to kill inflicting serious injury, and one count of possession of a firearm by a felon. The Petitioner's two convictions were consolidated for the purpose of sentencing, and he received an active term of imprisonment of 87 to 117 months. [Doc. 1-1 at 3]. The Petitioner's projected release date from imprisonment is August 15, 2027. [NCDAC Database].

The Petitioner filed no direct appeal of his state court judgment. [Doc. 1 at 2]. Likewise, the Petitioner did not institute any post-conviction collateral proceedings in state court. [Id. at 3]. The Petitioner filed his pro se Petition for Writ of Habeas Corpus on May 11, 2026, in the U.S. District Court for Eastern District of North Carolina. [Doc. 1]. Because the state court judgment the Petitioner seeks to attack was issued by the Mecklenburg County Superior Court located within this judicial district, The Eastern District Court transferred the Petitioner's habeas action to this Court on May 12, 2026, as the proper venue. [Doc. 3].

In conducting its initial review of the § 2254 petition herein, the Court preliminarily concluded that the Petitioner's habeas action was filed beyond the applicable one-year statute of limitations. Accordingly, the Court entered an Order May 13, 2026, directing the Petitioner, within twenty-one (21) days of the entry of the Order, to file a document explaining why his § 2254 petition should not be dismissed as untimely. [Doc. 7]. The Court warned the

Petitioner that his failure to comply with the provisions of the Order within such time would result in the dismissal of this action.  [Id.]. The twenty-one day period set forth in the Court's Order has expired and the Petitioner has filed nothing in response to it.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The Petitioner sustained his state convictions four years ago. Further, the Petitioner filed no direct appeal, nor did he pursue any post-conviction

3

relief. Since Petitioner filed no direct appeal, the Petitioner's convictions became final at the expiration of the time for seeking direct review of them, which is fourteen days under North Carolina law. See N.C.R. App. 4(a) (a party entitled to appeal from a judgment in a criminal action may take appeal by giving oral notice of appeal at trial, or filing notice of appeal with the clerk of superior court within fourteen days after entry of the judgment). Thus, the Petitioner's 365-day limitations period began to run on Tuesday, April 19, 2022, fourteen days after the entry of his state judgment on April 5, 2022. Nothing else appearing, the limitations period for Petitioner to commence this action ran from April 19, 2022, until it expired 365 days later on April 19, 2023. 28 U.S.C. § 2244(d)(1)(A). The present action, commenced May 11, 2026, is filed three years beyond the limitations period and is therefore subject to dismissal.

The Petitioner has filed nothing in response to the Court's Order of May 13, 2026. Further, the Petitioner gave no meaningful explanation, under Question 18 of his § 2254 petition, regarding how he has complied with the applicable AEDAP limitations period or what good cause exists to excuse his non-compliance. In response to Question 18, the Petitioner simply cites to the Supreme Court case of Dept. of Education v. Brown, 600 U.S. 551 (2023) and "Article (3) Section (2) Clause (one)" of the U.S. Constitution. [Doc.1 at

15]. <u>Brown</u> was a civil case wherein the plaintiffs sued the Secretary of Education to enjoin him from implementing a student loan forgiveness plan. The Supreme Court never reached the merits of the case as it concluded the plaintiffs lacked standing under Article III, § 2 of the Constitution. The Petitioner's citation to <u>Brown</u> and his reference to the "Cases" or "Controversies" provision of the Constitution has nothing at all to do with excusing the untimeliness of a § 2254 petition. Accordingly, the Petitioner has failed to put forth any evidence or argument that his § 2254 petition is timely, or that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)-(D), or that equitable tolling of limitations period is appropriate. As such, the § 2254 petition shall be dismissed as untimely.

## III.  CONCLUSION

For the foregoing reasons, the § 2254 petition filed in this action shall be dismissed and the Petitioner's IFP motion shall be denied. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on

5

procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

### O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**;

2. The Petitioner's Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Doc. 2] is **DENIED**;

3. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

4. The Clerk of Court is respectfully directed to terminate this action.

**IT IS SO ORDERED.**

Signed: June 8, 2026

Martin Reidinger
Chief United States District Judge